UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEN SILVEUS
    Plaintiff,

v.                                        CIVIL ACTION NO. 22-12127-MPK

CITY OF BROCKTON,
BROCKTON POLICE DEPARTMENT,
MARK CELIA,
ERIC BURKE, and
WILLIAM SCHLIEMAN,
    Defendants.

ORDER ON PLAINTIFF'S MOTION FOR
LEAVE TO PROCEED IN FORMA PAUPERIS (#2)

ORDER TO REASSIGN TO A DISTRICT JUDGE AND
REPORT AND RECOMMENDATION OF DISMISSAL

KELLEY, U.S.M.J.

Before the court is pro se plaintiff, Ben Silveus's, motion for leave to proceed in forma pauperis. (#2.) The court allows the motion and orders that the action be reassigned to a District Judge with a recommendation to the District Judge that the action be dismissed with prejudice for the reasons set forth below.

I.    Order to Reassign to a District Judge.

This action was drawn to the undersigned United States Magistrate Judge. (#3.) The parties have not indicated whether they consent or refuse to consent to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c). This is to be expected where, as here, a summons does not issue pending a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2).

As set forth below, the court concludes that the action is subject to sua sponte dismissal. Because the parties have not consented to the jurisdiction of a Magistrate Judge, however, the court cannot dismiss the action. For that reason, the court orders that the Clerk of Court reassign the action to a District Judge.

II.   Report and Recommendation of Dismissal.

The complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) because plaintiff is proceeding in forma pauperis. Given plaintiff's pro se status, the court liberally construes the complaint, *see* #1. *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to dismiss an action if it finds that the complaint fails to state a claim on which relief may be granted. *Id*. "Although 'dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard is disfavored in federal practice,' 'if it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile,' then a dismissal sua sponte is appropriate." *Kifor v. Massachusetts*, #22-cv-11948-PBS, 2022 WL 18232564, at *1 (D. Mass. Dec. 7, 2022) (cleaned up) (quoting *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001)); *see Lukas v. United States*, 133 F. Supp. 3d 284, 286 (D. Mass. 2015) ("Leave [to amend a complaint] should be freely given absent an apparent or declared reason, 'such as. . . futility of amendment. . .'") (quoting *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015)). Where plainly barred by the doctrine of res judicata, judges in this circuit have, on their own initiative, dismissed claims and actions with prejudice. *See, e.g.*, *Grant v. Office of Sec. of Defense*, #19-cv-12116-WGY, 2019 WL 13223869, at *1 (D. Mass. Oct. 29, 2019); *Katz v. McVeigh*, #15-cv-338-LM, 2015 WL 7016334, at *6 (D. N.H. Nov. 12, 2015).

The court recommends to the District Judge to whom the action is reassigned that the action be dismissed with prejudice as barred by the doctrine of res judicata. The doctrine of res judicata or, more specifically, claim preclusion, provides that "'a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action.'" *Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45 (1st Cir. 2012) (quoting *Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995)). It "relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and encourages reliance on adjudication." *Id.* (cleaned up). The elements are: "'(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.'" *Id.* (quoting *Breneman v. U.S. ex rel. FAA*, 381 F.3d 33, 38 (1st Cir. 2004)).

All three elements are clearly satisfied here, where plaintiff seeks to relitigate the suit that he filed in *Silveus v. City of Brockton et al*, #22-cv-11069-RGS, which District Judge Stearns dismissed on December 2, 2022, with prejudice. *See* #22-cv-11069-RGS, #13 (order dismissing #22-cv-11069-RGS with prejudice, pursuant to #12, order adopting #9, Magistrate Judge Levenson's report and recommendation).[1]

---

[1] In addition to this action and #22-cv-11069-RGS, plaintiff has recently filed suit in *Silveus v. State of Massachusetts et al*, #22-cv-11064-AK; *Silveus v. Federal Bureau of Investigations et al*, #22-cv-11067-LTS; *Silveus v. State of Massachusetts et al*, #22-cv-12128-PBS; and *Silveus v. Federal Bureau of Investigations et al*, #22-cv-12129-WGY.
   Of particular significance to this court, on April 26, 2023, District Judge Young dismissed #22-cv-12129-WGY under the doctrine of res judicata as an attempt to relitigate #22-cv-11067-LTS. *See* #22-cv-12129-WGY, ##4-5. On May 1, District Judge Saris dismissed #22-cv-12128-PBS under the doctrine of res judicata as an attempt to relitigate #22-cv-11064-AK. *See* #22-cv-12128-PBS, ##4-5.

The complaint in this action names the same defendants as the complaint in #22-cv-11069-RGS. *Compare* #1 at 1-2, 14 (City of Brockton, Brockton Police Department, Eric Burke, William Schlieman, and Mark Celia) *with* #22-cv-11069-RGS, #1 at 1, 3 (City, Department, Burke, Schlieman, Celia).

The "Statement of Claim" in this action incorporates by reference, among other things, the "Statement of Claim filed July1st 2022. . .," the date on which plaintiff filed suit in #22-cv-11069-RGS. *See* #1 at 4; #22-cv-11069-RGS, #1.[2] Plaintiff has, moreover, attached to the complaint in this action, among other things, the first page of the complaint in #22-cv-11069-RGS. *Compare* #1 at 15 *with* #22-cv-11069-RGS, #1 at 1.

The "Statement of Claim" for the complaint in this action also refers to supplemental pleadings and lists various dates, including September 27 and October 31, 2022. (#1 at 4.) This is presumably a reference to plaintiff's supplemental pleadings in response to Magistrate Judge Levenson's order to show cause as to why plaintiff's claims in #22-cv-11069-RGS should not be dismissed, docketed on September 28 and October 31, 2022. *See* #22-cv-11069-RGS, #4 (show cause order), #7 (September 28 supplemental pleading), #8 (October 31 supplemental pleading).[3]

Dismissal of #22-cv-11069-RGS with prejudice was a final judgment on the merits. District Judge Stearns adopted Magistrate Judge Levenson's report and recommendation, in which

---

[2] This is also the date that plaintiff filed suit in #22-cv-11064-AK and #22-cv-11067-LTS, but with the exception of the City of Brockton, those cases involved different defendants. *See* #22-cv-11064-AK, #1 (Massachusetts, Charlie Baker, Maura Healy, City); #22-cv-11067-LTS, #1 (United States, FBI, Drug Enforcement Administration, Massachusetts, Homeland Security, City).

[3] Similar pleadings were also docketed in advance of, and response to, District Judge Kelley's order to show cause as to why plaintiff's claims in #22-cv-11064-AK should not be dismissed. *See* #22-cv-11064-AK, #5 (September 27 supplemental pleading), #6 (show cause order), #7 (October 31 supplemental pleading), #8 (memorandum of dismissal; explaining docketing).

Magistrate Judge Levenson found, upon review of the complaint and plaintiff's supplemental pleadings in response to the show cause order, that most of plaintiff's claims were subject to dismissal as time-barred and under the doctrine of res judicata[4] and that the rest were subject to dismissal for the failure to state plausible claims. (#9 at 8-12.) *See Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1164 (1st Cir. 1991) (dismissal as time-barred is final judgment on merits); *White v. Cadkey Corp.*, #18-cv-40097-NMG, 2019 WL 5588954, at *7 (D. Mass. July 8, 2019) (Kelley, M.J.) (dismissal under doctrine of res judicata is final judgment on merits), *report and recommendation adopted*, 2019 WL 11254920 (D. Mass. Aug. 12, 2019), *dismissing appeal from order of dismissal*, #19-2200, 2020 WL 8270446 (1st Cir. July 20, 2020), *cert. den'd*, 141 S.Ct. 1525 (Mar. 8, 2021), *affirming order denying motion for reconsideration*, #19-2200 (1st Cir. Nov. 15, 2021); *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005) (dismissal for failure to state plausible claims is final judgment on merits).

Plaintiff cannot bring #22-cv-11069-RGS (or claims that could have been brought in #22-cv-11069-RGS) a second time, yet that is what he is trying to do. In this action, plaintiff references claims that he made in #22-cv-11069-RGS and re-files materials from #22-cv-11069-RGS, although that action was previously dismissed with prejudice. The court therefore recommends dismissal of this action with prejudice, as well.[5]

---

[4] Magistrate Judge Levenson's claim preclusion finding was based on #14-cv-10914-NMG, a suit involving plaintiff, the City of Brockton, Burke, Schlieman, and Celia which settled and was dismissed with prejudice, in 2016. *See* #22-cv-11069-RGS, #9 at 7; *see also* #14-cv-10914-NMG, #5 (state court record, including complaint), #48 (settlement order of dismissal), #49 (stipulation of dismissal with prejudice).

[5] Furthermore, #22-cv-11069-RGS itself was partly an attempt to relitigate #14-cv-10914-NMG. As noted above, Magistrate Judge Levenson issued a show cause order in #22-cv-11069-RGS, *see* #4, and determined that plaintiff's responses to that order were deficient, *see* #9 at 7-8. In these

III.     Conclusion.

For the reasons set forth above, the court **ALLOWS** plaintiff's motion for leave to proceed in forma pauperis, *see* #2; orders the Clerk of Court to **REASSIGN** the action to a District Judge; and, recommends to the District Judge to whom the action is reassigned that it be **DISMISSED WITH PREJUDICE**.

IV.     Review by District Judge.

Plaintiff is advised that if he objects to this recommendation, he must file a specific written objection with the Clerk of Court within fourteen days of service of the report and recommendation. The written objection must specifically identify the portion of the report and recommendation to which plaintiff objects and the basis for such objection. Plaintiff is also advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) precludes further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega,* 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

May 22, 2023                                                     /s/M. Page Kelley  
                                                                 M. Page Kelley  
                                                                 UNITED STATES MAGISTRATE JUDGE

---

circumstances, the court does not recommend permitting plaintiff another opportunity to show cause.